UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

COLORADO ENERGY MANAGEMENT,
LLC

                Petitioner,

     - against -

LEA POWER PARTNERS, LLC,

                Respondent.

------------------------------------------------x

12 Civ. 0528 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/12

On January 17, 2012, petitioner Colorado Energy Management, LLC, filed a petition in New York State Supreme Court to vacate an arbitration award issued in favor of respondent Lea Power Partners LLC. On January 23, 2012, respondent filed a notice of removal to this court based upon supposed diversity jurisdiction.

Petitioner now moves to remand the case and for an order awarding costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c). Respondent has filed a "non-opposition" to the motion to remand, but it contests the fee application.

The court remands the case and awards petitioner $7500.

## Discussion

Here, removal was predicated on diversity, and the ground for remand is that the parties are not completely diverse. Both parties are

limited liability companies, and an LLC is a citizen of all the states where its members are citizens. See Catskill Litig. Trust v. Park Place Entm't Corp., 169 Fed. Appx. 658, 659 (2d Cir. 2006); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). Both petitioner and respondent have members who are Delaware citizens. Thus there is no diversity jurisdiction, and the petition is remanded to the state court.

28 U.S.C. § 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A federal district court may award attorney's fees when the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

After the notice of removal was filed, petitioner sent an email[1] to respondent's counsel noting the diversity problem and requesting that respondent withdraw the notice of removal. In his reply, counsel claimed to know the rule regarding LLCs but stated that he did not know the citizenship of his client's members. Respondent also refused to withdraw its notice of removal after receiving undisputed evidence that there was no diversity jurisdiction, necessitating the present motion. In these circumstances, a fee award is appropriate. See Arabesque v. Capacity

---

[1] The court has no reason to doubt the veracity of this and other email exhibits, as respondent has also invoked the email chain in its papers.

2

LLC, No. 07 Civ. 2042, 2008 U.S. Dist. LEXIS 19779, at *5 (S.D.N.Y. Mar. 10, 2008).

Respondent counters that because the underlying litigation is meritless, the court should not award petitioner fees on the present motion. Respondent also argues that petitioner's expenses resulted from his own intransigence—counsel offered to withdraw the removal application provided that petitioner make some small concessions related to the petition. However, it is not the court's business to opine on the merits of litigation over which it lacks jurisdiction, and petitioner need not have negotiated the withdrawal of a removal application that should not have been filed. Thus the only question that remains is the amount of fees to award.

Petitioner has requested an award of $15,750.50. To corroborate the request, petitioner has supplied the court with a declaration containing the hourly rate of the attorneys who worked on the needless remand, a summary of hourly billing records related to the matter, and the miscellaneous costs incurred as a result of the matter.

The court is not, of course, bound to award the requested amount. Rather, it retains substantial discretion concerning fee awards under § 1447(c). Morgan Guaranty Trust, 971 F.2d at 924. Some factors unique to the present motion  inform the court's judgment. On the one hand, the email exhibits before the court make clear that respondent needlessly

caused the present motion. On the other, petitioner claims over $15,000 in costs for litigating an elementary point. Thus the court awards $7500.

## Conclusion

For the foregoing reasons, the motion to remand is granted, and respondent is ordered to pay petitioner's costs and fees in the amount of $7500.

SO ORDERED.

Dated:   New York, New York
         March 8, 2012

                                    _____
                                    THOMAS P. GRIESA
                                    U.S.D.J.